IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KIMBERLY GRAY<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII POLICE DEPARTMENT and OFFICER SAMUEL PRINCE,<br><br>Defendants. | Case No. 24-cv-00185-DKW-WRP<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND[1]** |

On April 23, 2024, Plaintiff Kimberly Gray, proceeding *pro se*, filed a Complaint against the Hawaiʻi Police Department ("HPD") and HPD Officer Samuel Prince,[2] alleging that Officer Prince violated Article 9 of the Hawaiʻi Constitution when he "ran a red light and t-boned [her]." Dkt. No. 1. That same day, Gray additionally filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

I.  **The IFP Application**

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide these matters without a hearing.
[2] It is not clear whether Plaintiff intends to name both the HPD *and* Officer Prince because only the former is listed as a defendant in the caption, while both are listed as defendants on page 2 of the Complaint. *See* Dkt. No. 1 at 1–2. Accordingly, because the Court liberally construes a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), both are assumed to be defendants in this case.

submits an affidavit which demonstrates that they lack the ability to pay.  Though an IFP applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he or she must "allege poverty with some particularity, definiteness, and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted).  The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life."  *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Gray has satisfied the requirements of Section 1915(a).  In her IFP Application, Gray explains that she earns $26,000 annually or approximately $2,166 monthly.  *See* Dkt. No. 2 at 1.  Her monthly expenses for her vehicle, housing, groceries, and loans total $2,005.[3]  *Id.*  Moreover, she has no money in a checking or savings account, and no items or assets of value.  *Id.*

As such, once Gray's basic monthly expenses are taken into account, she has $161 per month in income left over to cover her non-basic monthly expenses—an amount significantly *less* than the $405 filing fee.  In light of these figures, the Court finds that she lacks the ability to pay or give security for the filing fee for

---

[3] More specifically, Gray's expenses break down into $650 monthly for housing, $295 monthly for her car, $110 weekly for groceries, and $310 biweekly for loans.  Dkt. No. 2 at 2.

this action while still being able to afford the necessities of life.  *See Escobedo*, 787 F.3d at 1234–36.  Her IFP Application, Dkt. No. 2, is therefore GRANTED.

## II.  Screening

When a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Though, as stated above, the Court must liberally construe a *pro se* complaint, *Eldridge*, 832 F.2d at 1137, the Court cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Moreover, "even when screening complaints under the in forma pauperis statute, 'a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim.'"  *Taylor v. Higashi*, 2024 WL 1770484, at *1 (D. Haw. Apr. 4, 2024) (quoting *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011)); Fed. R. Civ. P. 12(h)(3).

Here, the Complaint fails to establish that the Court has subject matter jurisdiction over this dispute.[4] "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). As such, for the Court to hear a case, the plaintiff must generally establish either: (1) diversity of citizenship—*i.e.*, that no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332; or (2) a federal question—*i.e.*, a colorable claim which "aris[es] under" the federal Constitution or the laws of the United States, *see* 28 U.S.C. § 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Gray asserts that her case is premised on federal question jurisdiction. *See* Dkt. No. 1 at 4. Her sole claim, however, is brought pursuant to Article 9 of the *Hawaiʻi* Constitution. *Id.* In other words, Gray attempts to use a *state law* claim to establish *federal question* jurisdiction. This she may not do.[5] The Court therefore DISMISSES the Complaint for lack of subject matter jurisdiction. *See Arbaugh*,

---

[4]In dismissing on jurisdictional grounds, the Court does not address any other potential deficiencies that may exist in the Complaint.
[5]Nor, in any case, would there be diversity jurisdiction given that both Gray and Officer Prince appear to be citizens of Hawaiʻi. *See* Dkt. No. 1 at 4.

546 U.S. at 514 ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Should Gray choose to do so, she may attempt to remedy this defect by filing an amended Complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). To do so, she must briefly and plainly explain to the Court: (1) the specific basis for the Court's jurisdiction; (2) the constitutional, statutory, or legal rights she believes were violated; (3) the names of the Defendants who violated those rights; (4) each Defendant's precise actions or inactions; (5) when each Defendant acted or failed to act; (6) how each Defendant's actions or inactions are connected to the alleged violations of her rights; and (7) the specific injuries that she suffered as a result of Defendants' conduct.

Gray may have until **May 21, 2024** to file an amended Complaint. **The Court cautions Gray that failure to file an amended Complaint, consistent with the guidance in this Order, by May 21, 2024 will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to serve Gray with a copy of the form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

DATED: April 30, 2024 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge

---

*Kimberly Gray v. Hawaii Police Department and Officer Samuel Prince*; Civil No. 24-00185 DKW-WRP; **ORDER: (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**