IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KIMBERLY GRAY,<br><br>          Plaintiff,<br><br>   vs.<br><br>HAWAII POLICE DEPARTMENT,<br>HONOLULU POLICE DEPARTMENT,<br>and OFFICER SAMUEL PRINCE,<br><br>          Defendants. | Case No. 24-cv-00185-DKW-WRP<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LIMITED LEAVE TO AMEND**[1] |

On April 30, 2024, the Court granted Plaintiff Kimberly Gray leave to proceed *in forma pauperis*, but dismissed with leave to amend her Complaint against Defendants Hawaiʻi Police Department and Officer Samuel Prince because she failed to establish a basis for the Court's exercise of subject matter jurisdiction. Dkt. No. 7. Subsequently, on May 15, 2024, Gray filed a First Amended Complaint ("FAC"), bringing several new statutory and constitutional claims. Dkt. No. 8. Review of the FAC reveals, however, that Gray either lacks standing or fails to adequately allege such claims. As a result, the FAC is DISMISSED WITH LIMITED LEAVE TO AMEND.

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.

## BACKGROUND

Gray brings suit against the Hawaiʻi Police Department, Honolulu Police Department,[2] and Officer Samuel Prince,[3] asserting that Officer Prince "T Boned" her by "running a red light" and then "misuse[d] [] his position of power to take unfair advantage of a civilian (Kimberly Gray) for personal gain by . . . falsifying the report [of the accident] saying Ms. Gray ran the red light and hit his car. Relieving himself of any accountability." Dkt. No. 8 at 3–4. As a result, Gray suffered "a significant amount of shoulder and lower body pain, emotional pain and stress from the accident . . . also significant financial fines." *Id.* at 4. She therefore brings the following causes of action: (1) "Police Misconduct Provision" (34 U.S.C. § 12601); (2) 18 U.S. Code § 1519; (3) Section 4 of the Article 2 of the Constitution; (4) Equal Treatment; and (5) Due Process of Law. *Id.* at 1–2.

## STANDARD OF REVIEW

When a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim

---

[2] It is unclear whether Gray intends to bring suit against the Hawaiʻi Police Department and/or the Honolulu Police Department. *See* Dkt. No. 8 at 3 (naming as Defendant "The Hawaii PD within the Honolulu Police Department"). Nevertheless, as the Court liberally construes a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), both are assumed to be Defendants in this case.

[3] The precise spelling of Officer Prince's name is unclear from the FAC. *See* Dkt. No. 8 at 1, 3 (spelling the name as "Samual Prince," "Samuel Prince," and "Officer Pence.").

upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In conducting this evaluation, the Court must liberally construe a *pro se* complaint.  *Eldridge*, 832 F.2d at 1137.  However, the Court cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted).

In addition, "even when screening complaints under the in forma pauperis statute, 'a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim.'" *Taylor v. Higashi*, 2024 WL 1770484, at *1 (D. Haw. Apr. 24, 2024) (quoting *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011)); Fed. R. Civ. P. 12(h)(3).  To assert federal jurisdiction, the plaintiff must show, at an "irreducible constitutional minimum," that she has the standing to pursue a justiciable "Case" or "Controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); U.S. Const. art. III, § 2, cl. 1.

## DISCUSSION

### I.    Claim 1: 34 U.S.C. § 12601

Gray first asserts that Defendants violated 34 U.S.C. § 12601, which renders it unlawful to "engage in a pattern or practice of conduct by law enforcement officers . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."  34 U.S.C. § 12601(a); *see* Dkt. No. 8 at 1.  This claim, however, is unavailing as enforcement of this statute rests *solely* with the United States Attorney General.  *See* 34 U.S.C. § 12601(b) ("Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.").  Put differently, Gray lacks standing as a private citizen to bring suit under this provision.  *See Iyonsi v. Honolulu Police Dep't*, 2019 WL 4131704, at *3 (D. Haw. Aug. 29, 2019).  Accordingly, this claim is dismissed without leave to amend.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (explaining that leave to amend need not be granted when doing so would be futile).

### II.    Claim 2: 18 U.S.C. § 1519

Next, Gray asserts a claim pursuant to 18 U.S.C. § 1519, which provides:

Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible

> object with the intent to impede, obstruct, or influence the investigation
> or proper administration of any matter within the jurisdiction of any
> department or agency of the United States or any case filed under title
> 11, or in relation to or contemplation of any such matter or case, shall
> be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519; *see* Dkt. No. 8 at 1.  This provision is a *criminal* statute that

does not give rise to civil liability.  Moreover, standing to initiate such criminal

investigations or prosecutions lies exclusively with the United States Department

of Justice—not the Court and not private citizens.  *See Linda R.S. v. Richard D.*,

410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest

in the prosecution or nonprosecution of another.").  As such, Gray has no right as a

private individual to bring criminal charges under 18 U.S.C. § 1519.  *See Gillman*

*v. United States*, 2016 WL 80635, at *3 (D. Haw. Jan. 7, 2016).  This claim is

therefore also dismissed without leave to amend.

## III.   Claim 3: Article II, § 4 of the United States Constitution

Third, Gray brings a claim under Article II, Section 4 of the federal

Constitution.  *See* Dkt. No. 8 at 2.  Article II, Section 4 provides that "The

President, Vice President and all civil Officers of the United States, shall be

removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or

other high Crimes and Misdemeanors."  U.S. Const. art. II, § 4.  This power of

impeachment, however, rests *exclusively* with Congress.  *See* U.S. Const. art. I, § 2

("The House of Representatives . . . shall have the sole Power of Impeachment);

*Rajkovic v. Obama*, 2014 WL 2568219, at *1 (D.D.C. May 19, 2014) ("only the United States House of Representatives may decide whether to investigate, impeach, and prosecute public officials upon allegations that they have committed high crimes or misdemeanors in office." (brackets, quotation marks, and citations omitted)); *see also Nixon v. United States*, 506 U.S. 224, 233–35 (1993) (explaining the Framers deliberately reposed the power of impeachment in Congress, not the Judiciary).  Moreover, Article II does not target and has nothing to do with any of Gray's named defendants.  As a result, this claim is dismissed without leave to amend.

## IV.    Claims 4 & 5: Equal Protection and Due Process

Finally, though unclear, it appears from the FAC that Gray may be asserting violations of her rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution.[4]  *See* Dkt. No. 8 at 2 ("Every person is entitled to equal treatment, respect for his or her constitutional rights, and due process of law.").  To the extent she intends to do so, however, she fails to allege the necessary elements of such claims.

To state an equal protection claim under the Fourteenth Amendment, a

---

[4]In evaluating these claims, the Court liberally construes them as being brought pursuant to 42 U.S.C. § 1983.  *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (explaining that there is "no cause of action directly under the United States Constitution . . . a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").

plaintiff must show either that the defendant intentionally discriminated against her based on her membership in a protected class or that the defendant intentionally treated her differently from others similarly situated without a rational basis for doing so. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, Gray provides no information indicating that Defendants discriminated against her based on her race, gender, national origin, or membership in any other protected class. Moreover, Gray also fails to identify any other similarly situated individuals, let alone explain how she was treated differently or less favorably than the same. Accordingly, Gray has failed to state an equal protection violation and this claim is dismissed, albeit with leave to amend.

To state a violation of the right to due process, a plaintiff must establish: (1) the existence of a protected liberty or property interest; and (2) that the defendants' procedures were constitutionally inadequate with regard to the deprivation of the same. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459–60 (1989). Where no such interests are at stake, no process is constitutionally required. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Here, Gray does not indicate that she has been deprived of *any* liberty or property interest. Rather, she states only that "[e]very person is entitled to . . . due process of law." Dkt. No. 8 at 2. Such conclusory and factually barren assertions are plainly insufficient to support a

constitutional due process claim.  Accordingly, this claim is also dismissed with leave to amend.

**CONCLUSION**

For the reasons set forth herein, the First Amended Complaint, Dkt. No. 8, is DISMISSED.  Because it is possible, however, that amendment may cure some of the deficiencies identified above, dismissal is with limited leave to amend.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Should Gray choose to file another amended Complaint, she must again explain to the Court, in brief and plain terms: (1) the specific basis for the Court's jurisdiction; (2) the constitutional, statutory, or legal rights she believes were violated; (3) the names of the Defendants who violated those rights; (4) each Defendant's precise actions or inactions; (5) when each Defendant acted or failed to act; (6) how each Defendant's actions or inactions are connected to the alleged violations of her rights; (7) the specific injuries that she suffered as a result of Defendants' conduct; and (8) the relief she seeks.  In doing so, Gray **may not** reassert her claims under 34 U.S.C. § 12601, 18 U.S.C. § 1519, or Article II, Section 4 of the United States Constitution.

Gray may have until **June 7, 2024** to file an amended Complaint.  **The Court cautions Gray that failure to file an amended Complaint, consistent with the guidance in this Order, by June 7, 2024 will result in the automatic dismissal of this action.**

The Clerk of Court is DIRECTED to mail Gray a copy of the form Pro Se 1 (Complaint for a Civil Case).

IT IS SO ORDERED.

DATED: May 21, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

Kimberly Gray vs. Hawaii Police Department, et al; Civil No. 24-00185 DKW-WRP; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LIMITED LEAVE TO AMEND**