IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KIMBERLY GRAY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HONOLULU POLICE DEPARTMENT,<br>OFFICER SAMUEL PRINCE,<br>MICHELE COOKE, and DAVID KIM,<br><br>　　　　Defendants. | Case No. 24-cv-00185-DKW-WRP<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**[1] |

On April 30, 2024, the Court granted *pro se* Plaintiff Kimberly Gray leave to proceed *in forma pauperis*, but dismissed her Complaint for lack of federal subject matter jurisdiction.[2]  Dkt. No. 7.  On May 21, 2024, after Gray filed a First Amended Complaint ("FAC"), the Court again dismissed the same, finding that Gray had failed to establish standing or adequately allege her claims.  Dkt. No. 9.  On both occasions, in allowing Gray leave to amend, the Court offered guidance as to the identified deficiencies, cautioning her that, among other things, she needed to provide "the specific basis for the Court's jurisdiction" and "the constitutional,

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(d).

[2] The Court subjects each civil action filed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

statutory, or legal rights she believes were violated." Dkt. No. 7 at 5; Dkt. No. 9 at 8.

On June 4, 2024, Gray filed a Second Amended Complaint ("SAC"), again naming the Honolulu Police Department and Officer Samuel Prince, as well as Michele Cooke and David Kim,[3] as Defendants. Dkt. No. 11. Therein, Gray asserts that "Officer Samuel Prince violated a statutory law by failing to stop at the red light and give me (plaintiff) the right of way," thereby causing him to "crash[] into my vehicle." *Id.* at 1–2. Moreover, following the accident, Prince, as well as witnesses Cooke and Kim, allegedly "lied to coverup Office Prince running the red light . . . le[ading] to unfair dismissal of the Plaintiffs report." *Id.* at 1–3. As a result, Gray suffered physical injury, loss of her vehicle, and was unjustly fined by the "traffic bureau; for causing an accident." *Id.* at 3. She therefore seeks monetary damages. *Id.*

Based on these allegations, and liberally construing the SAC, *Eldridge*, 832 F.2d at 1137, it appears to the Court that Gray brings a straightforward tort claim arising out of a vehicular accident.[4] *See* Dkt. No. 11 at 2 ("Officer Samuel Prince violated a statutory law by failing to stop at a red light and give me (plaintiff) the

---

[3] Although Cooke and Kim are not named in the caption, they are mentioned within the SAC as "Defendants who violated [Gray's] rights." Dkt. No. 11 at 2. Accordingly, as the Court liberally construes a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), both are assumed to be Defendants in this case.

[4] Although the Court recognizes that there may be other dimensions to Gray's claim, such matters do not appear to form the crux of her complaint.

right of way."). Such claims are generally matters of state law.[5] *See, e.g.*, H.R.S. § 663-1 (providing for tort liability under state law); H.R.S. § 291C-32(3) (requiring vehicular traffic to stop at red lights). As such, they usually belong, if anywhere, in *state court*, not federal court. *See Camarena-Revis v. Farmers Ins.*, 2019 WL 1413742, at *2 (D. Or. Mar. 28, 2019) (explaining that a federal court lacks jurisdiction over a state law tort claim for motor vehicle accident damages); *Washington v. Hertz Rental*, 2011 WL 5858096, at *3 (N.D. Ga. Oct. 25, 2011) (same). And indeed, that is the case here.[6] Nor does the fact that a local police officer may have been involved in the accident make any difference—this Court would still lack jurisdiction.

Accordingly, the SAC must be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Moreover, because the Court has already twice provided Gray with both guidance and opportunities to amend her complaint to allege federal subject matter jurisdiction and/or viable claims for relief, and she has nonetheless come no closer to doing so with the SAC than either of her previous complaints, dismissal is WITHOUT LEAVE TO AMEND. *See* Dkt. No. 7 at 5 (warning Gray that failure to amend her complaint to include, *inter alia*, the legal

---

[5]Even if Gray's claim is framed as a federal civil rights claim under 42 U.S.C. § 1983, it would still fail as "[n]either negligence nor recklessness (short of criminal recklessness) on the part of the city [] driver will support a claim under § 1983." *Robbins v. City of Savannah*, 2011 WL 996807, at *1 n.2 (S.D. Ga. Mar. 2, 2011).
[6]The Court cannot exercise diversity jurisdiction in this case as it appears that both Officer Prince and Gray are citizens of Hawaiʻi. *See generally* Dkt. No. 11.

and jurisdictional bases for her claims would result in dismissal); Dkt. No. 9 at 8–9 (same).

For the reasons set forth herein, this case is DISMISSED. The Clerk of Court is instructed to CLOSE the case.

IT IS SO ORDERED.

DATED: June 7, 2024 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
_____
Derrick K. Watson
Chief United States District Judge

---

Kimberly Gray v. Honolulu Police Department, et al; Civil No. 24-00185 DKW-WRP; **ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**